## John Cichon, Defendant in Error, v. Marie Gartner and Franz Gartner, Plaintiffs in Error.

### Gen. No. 21,218.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed January 11, 1916.

### Statement of the Case.

Action by John Cichon, plaintiff, against Marie Gartner and Franz Gartner, defendants, in the Municipal Court of Chicago, to recover a broker's commission for procuring a sale of defendant's house. To reverse a judgment for plaintiff for $120, defendants prosecute this writ of error.

Plaintiff's statement of claim alleged a contract between plaintiff and defendants to procure a purchaser for the house, and that plaintiff procured such a customer, to whom the house was later conveyed for $2,525, and that plaintiff was entitled as commission to 5 per cent. of such price. Defendants' affidavit of merits denied the contract alleged or that plaintiff rendered any services in procuring such purchaser.

Plaintiff's testimony was that in June, 1914, he called upon Franz Gartner in company with one Rytlanski and asked if the property was for sale and Gartner replied that defendants would sell for $2,700, or less for cash and that Gartner also said that if plaintiff procured a purchaser at a satisfactory price he would pay a commission. Plaintiff was corroborated by Rytlanski as to the above facts. Franz Gartner denied the conversation, and Marie Gartner testified that she never saw plaintiff. Plaintiff further testified that for a sale of such property at the price for which defendants sold, the commissions were 5 per cent. Joseph Olsowki testified that he was an em-

ployee of plaintiff, and was directed to find a purchaser for defendants' property; that he submitted the property to Marcinkiewicz; that on September 8, 1914, he and Marcinkiewicz called on Franz Gartner and informed him that he was an employee of plaintiff, and that the contract for the purchase of said property was then signed by Marcinkiewicz and Franz Gartner in the presence of the witness. Marcinkiewicz testified that Olsowki was the only one who called his attention to the property; that on September 8, 1914, he and Olsowki called on defendants and then signed a contract for the purchase of the property at the agreed price of $2,525, and that subsequently he received a deed to the property from defendants.

On the cross-examination of Olsowki and Marcinkiewicz, it appeared that *after* the sale Marcinkiewicz, at Olsowki's request, paid *Olsowki* the sum of $10 "for finding the house."

There was no evidence that there was any agreement between plaintiff and Marcinkiewicz that if plaintiff should find a satisfactory house for Marcinkiewicz the latter would pay a commission.

The action was tried by the court without a jury, and the court found the issues in favor of plaintiff.

OTTO C. RENTNER, for plaintiffs in error.

SONNENSCHEIN, BERKSON & FISHELL, for defendant in error; HERBERT M. LAUTMANN, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 88*—*when evidence sufficient to establish contract to procure purchaser.* In an action to recover a broker's commission for the sale of a house, where defendant denied making a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

contract with plaintiff to procure a purchaser, but where plaintiff was corroborated by another witness, a finding that such contract was made, *held* not against the weight of the evidence.

2. BROKERS, § 91*—*when evidence insufficient to establish unfair dealing such as to bar recovery.* In an action to recover a broker's commission for the sale of a house, unfair dealing such as to bar a recovery is not shown by the fact that after the sale plaintiff's employee asked and received $10 from the purchaser "for finding the house," where there was no evidence that there was a contract between plaintiff and the purchaser for the payment to plaintiff by such purchaser of a commission in case plaintiff found the house, and where there was no evidence that the acts of plaintiff's employee were with the knowledge or by the direction of plaintiff.

3. BROKERS, § 62*—*when right to commission not barred by receipt of commission from other party.* The rule that a broker, acting as the agent of both parties in an exchange of real estate with a contract for the payment of commission from each party, cannot recover from one of them who did not know of or consent to his employment by the other has no application to a case where plaintiff's agent, without his knowledge or direction, asks and receives such a commission from the purchaser of a house, for the sale of which plaintiff is seeking to recover a commission from the seller.